**Juan ROLDAN, Petitioner,**

v.

**Christopher ARTUZ, Superintendent, Respondent.**

No. 97 Civ. 2562(DAB).

United States District Court, S.D. New York.

Sept. 9, 1997.

---

**252**

Juan Roldan, Stormville, NY, pro se.

Jennifer Correale, Asst. Dist. Atty., Bronx County, Bronx, NY, for Respondent.

### ORDER

BATTS, District Judge.

On August 11, 1997, Magistrate Judge Andrew J. Peck issued a Report and Recommendation. The Plaintiff filed an objection on August 25, 1997. Magistrate Judge Peck dismissed Plaintiff's petition as untimely.

The Court has reviewed the Plaintiff's objection, and finds it has no merit. Having reviewed the Report and Recommendation and finding no clear error on the face of the record, the recommendations of Magistrate Judge Peck are hereby accepted and the Report and Recommendation dated August 11, 1997, is hereby adopted in its entirety. See Local Civil Rule 72, 28 U.S.C. § 636.

Pursuant to 28 U.S.C. § 1915(a), any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962).

SO ORDERED.

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

To the Honorable Deborah A. Batts, United States District Judge:

For the reasons set forth below, I recommend that the Court dismiss petitioner Juan Roldan's habeas corpus petition on the ground that his March 18, 1997 Petition is untimely under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

### FACTS

Petitioner Juan Roldan's habeas petition is dated March 18, 1997, was received by the Court's Pro Se Office on March 27, 1997, and was filed as of April 11, 1997. (See Petition.) The Petition indicates that on October 7, 1986, Roldan was found guilty of murder in the second degree and was sentenced to 25 years to life imprisonment. (Petition ¶¶ 1–5.) The Appellate Division, First Department affirmed his conviction without opinion on November 29, 1988. People v. Roldan, 144 A.D.2d 1043, 535 N.Y.S.2d 509 (1st Dep't 1988). (See Petition ¶ 9(a)-(d); see also Affidavit of ADA Jennifer Correale, dated 7/2/97, ¶ 8 & Ex. 3.) The Court of Appeals denied leave to appeal on February 2, 1989. People v. Roldan, 73 N.Y.2d 926, 539 N.Y.S.2d 310, 536 N.E.2d 639 (1989). (See Petition ¶ 9(e); see also Correale Aff. ¶ 9 & Ex. 4.)

Roldan also brought two collateral attacks on his conviction in state court. On or about May 27, 1991, he filed a C.P.L. § 440.10 motion alleging ineffective assistance of trial counsel. The trial court denied the motion without opinion on July 25, 1991. (Petition ¶ 11(a); Correale Aff. ¶¶ 10–12 & Exs. 5–7.) The First Department denied leave to appeal on January 23, 1992. (Correale Aff. ¶ 13 & Ex. 8.) Roldan filed a second C.P.L. § 440.10 motion, based on allegedly newly discovered exculpatory evidence, on December 18, 1992; the trial court denied it on February 16, 1993. (Correale Aff. ¶¶ 14–16 & Exs. 9–11; see Petition ¶ 11(b).) The First Department denied leave to appeal on April 22, 1993. (Correale Aff. ¶ 17 & Ex. 12.)

As previously noted, Roldan's federal habeas petition is dated March 18, 1997 and was received by the Court's Pro Se Office on March 27, 1997. The Petition alleges four grounds: first, that Roldan's guilt was not provide beyond a reasonable doubt; second, that the line-up during which he was identified was impermissibly suggestive; third, that uncharged crimes evidence was improp-

erly received at trial; and fourth, that due process was violated when the state court summarily denied his newly discovered exculpatory evidence motion. (Petition ¶ 12.) The government argued for dismissal on the grounds, inter alia, that (i) the Petition was untimely under the AEDPA's one-year statute of limitations (Gov't Br. at 5–8) and (ii) the Petition is "mixed" because Roldan's fourth habeas ground was not raised in state court. (*Id.* at 9–11.) In response to the government's arguments, Roldan dropped his fourth habeas ground. (Stipulation & Order dated 7/22/97.) Roldan did not respond to the government's AEDPA argument.

### ANALYSIS

### ROLDAN'S PETITION IS BARRED BY THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS

On April 24, 1996, President Clinton signed into law the Antiteriorism and Effective Death Penalty Act. The AEDPA significantly modified § 2254 for non-death penalty cases. Specifically, the AEDPA instituted a one-year statute of limitations for habeas petitions:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

28 U.S.C. § 2244(d)(1) (as amended by the AEDPA).

In *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), the Second Circuit held that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA." 107 F.3d at 93. Rather, the Court gave the prisoner a "reasonable time" after enactment of the AEDPA to bring his habeas petition. *Id.* (finding petition brought 72 days after enactment of AEDPA to be timely).

Here, counting from the First Department's April 22, 1993 denial of leave to appeal from Roldan's second C.P.L. § 440.10

application, the one-year limitation period would have run no later than April 22, 1994.[1] Thus, Roldan must be allowed a "reasonable time" after the April 24, 1996 enactment of the AEDPA to bring his federal habeas petition. Roldan did not file his petition, however, until March 18, 1997 (giving him the benefit of the doubt)—just 37 days short of a year after enactment of the AEDPA (or, to put it differently, 328 days after the AEDPA's enactment).

Every decision of this Court (of which the Court is aware) has dismissed as untimely habeas petitions filed in April 1997 or late March 1997. *See, e.g., Thomas v. Greiner,* 97 Civ. 2958, slip op. (S.D.N.Y. Aug. 7, 1997) (Peck, M.J.) (April 14, 1997 petition untimely); *Fabelo v. Greiner,* 97 Civ. 2988, 1997 WL 401664 at *1 & n. 1 (S.D.N.Y. July 17, 1997) (Chin, J.); *Rivalta v. Artuz,* 96 Civ. 8043, 1997 WL 401819 at *1 n. 1 (S.D.N.Y. July 16, 1997) (Scheindlin, J.) (petition filed 6 months after AEDPA enactment is timely while one filed April 14, 1997 is not); *Kirby v. Senkowski,* 97 Civ. 3329, 1997 WL 399663 at *1 (S.D.N.Y. July 15, 1997) (Chin, J.) (April 15, 1997 petition held untimely); *Oppenheimer v. Kelly,* 97 Civ. 3035, 1997 WL 362216 at *1 (S.D.N.Y. June 27, 1997) (Chin, J.) (April 9, 1997 petition untimely); *Lee v. Artuz,* 969 F.Supp. 872, 873–74 (S.D.N.Y.1997) (Stein, J. & Peck, M.J.) (April 18, 1997 petition untimely); *Fennell v. Artuz,* 97 Civ. 3030, slip op. (S.D.N.Y. June 18, 1997) (Peck, M.J.) (April 17, 1997 petition untimely); *Morales v. Superintendent Portuondo,* 97 Civ. 2559, slip op. (S.D.N.Y. June 16, 1997) (Chin, J.) (March 25, 1997 petition untimely); *Francis S. v. Stone,* 97 Civ. 2178, bench opinion transcript at pp. 7–11 (S.D.N.Y. June 9, 1997) (Kaplan, J.) (March 27, 1997 petition untimely); *Espinal v. Walker,* 97 Civ. 3187, slip op. (S.D.N.Y. May 21, 1997) (Peck, M.J.) (April 18, 1997 petition untimely).

In *Peterson v. Demskie,* the Second Circuit found a petition filed 72 days after enactment of the AEDPA to be timely. In *Rivalta v. Artuz,* 1997 WL 401819 at *1, Judge Scheindlin found a petition timely when filed six

---

1. Because there are "gaps" during which Roldan did not have direct appeals or collateral attacks pending in state court, the one-year period actually would have elapsed earlier than April 1994. As that exact date has no bearing on the Court's analysis, it is not necessary to calculate it.

months after enactment of the AEDPA.[2] In contrast, all of the decisions in this district (cited above) hold that petitions filed eleven months or more after enactment of the AEDPA are untimely. The Court need not now decide at what date, absent special circumstances, a "bright line" should be drawn between timely and untimely petitions. The Court, of course, is cognizant of the difficulties faced by pro se inmates who may have limited education and somewhat limited access to prison law libraries. The Court suspects, but does not decide, that, except in cases involving special circumstances, the "outer limit" will be no more than nine months after enactment of the AEDPA, and possibly just six months after the AEDPA's enactment. Suffice it to say for today that if the Second Circuit's *Peterson v. Demskie* decision is to have meaning, Roldan's Petition, filed just a few days short of eleven months after the AEDPA's enactment, is untimely. There is no real difference between Roldan's March 18, 1997 Petition date and the March 25 and March 27, 1997 filings held untimely in *Morales* and *Francis S.* Under the AEDPA, therefore, Roldan's Petition should be dismissed with prejudice as barred by the AEDPA's one-year statute of limitations.

### CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice Roldan's petition as barred by the AEDPA's one-year statute of limitations.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510 and to the chambers

of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Batts. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86(199), 130 L.Ed.2d 38; *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Aug. 11, 1997.

petition four months after AEDPA is timely).

---

**2.** *See also Valentine v. Senkowski*, 966 F.Supp. 239, 240–41 (S.D.N.Y.1997) (Brieant, J.) (pro se