**Andres ACOSTA, Petitioner,**

v.

**Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent.**

**No. 97 CIV. 3024 JSR.**

United States District Court, S.D. New York.

Dec. 29, 1997.

Andres Acosta, Pro Se.

Andrew C. Tsunis, Asst. Atty. General, State of New York, for Respondent.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Petitioner, proceeding *pro se,* filed a petition for a writ of habeas corpus in April, 1997. In August, 1997, respondent moved to dismiss on the ground that the petition was not filed within one year of the conclusion of petitioner's direct appeal and within one year of the effective date of the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (1996)("AEDPA"). On September 30, 1997, pursuant to Fed. R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(B) and (C), the Honorable Theodore H. Katz, United States Magistrate Judge, filed a Report and Recommendation recommending that the petition be denied and the action dismissed in its entirety. Having received objections from petitioner and a reply thereto from respondent, the Court, after reviewing the entire matter *de novo,* hereby denies the petition and dismisses the action, essentially for the following reasons.

Petitioner's conviction became final no later than June 9, 1994. He filed his petition no earlier than April 18, 1997, almost three years after his conviction became final and 359 days after the effective date of AEDPA. The case thus falls within the ambit of *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997), where the Second Circuit held that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA." *Id.* Here, petitioner had almost two years prior to passage of the AEDPA and almost another full year after its effective date to "contemplate" bringing his petition. His proffered reasons why his petition should still be considered timely were thoroughly considered by Magistrate Judge Katz, who rejected those arguments for reasons that this Court, after *de novo* review, hereby adopts by reference.

It remains only to add that the additional arguments raised by petitioner in his Objections to the Report and Recommendation are likewise unpersuasive. Petitioner claims that the six Southern District cases cited by Judge Katz in which petitions were dismissed as untimely under the AEDPA all involved petitions that were filed at least eight years after exhaustion of state direct review. Pet. Objections at 8. In fact, however, in two of the six cases cited by Judge Katz, the petitions were filed sooner after completion of direct review than was petitioner's. *See Maddaloni v. Greiner,* 1997 WL 438801 (S.D.N.Y. August 5, 1997)(1 year, 10 months); *Fabelo v. Greiner,* 1997 WL 433477 (S.D.N.Y. August 1, 1997)(2 years, 3 months). This is also true of two of the four additional cases cited by respondent in response to petitioner's objections. *See Yeung v. Artuz,* 1997 WL 572908 (S.D.N.Y. September 10, 1997)(1 year, 5 months); *Joseph v. McGinnis,* 1997 WL 531312 (S.D.N.Y. August 27, 1997)(2 years, 4 months).

Petitioner also calls attention to a memorandum issued by a defense group, the New York State Defenders Association, Inc., that apparently was posted in prisons throughout the state, which states that "[t]here is a new law that creates a federal deadline that may prevent you from challenging any state or federal conviction in federal court," Pet. Ob-

**440**

jections, Exh. A, and then urges petitioners to beat the deadline, which the memorandum identifies as April 23, 1997. However, this misinterpretation by a defense group can hardly be dispositive of what the law is or what reliance was reasonable in petitioner's situation of extended delay. Moreover, the memorandum—which is undated—warns any possibly affected inmate to "take *immediate action* to learn more about [the law]" and not to wait until April 23. *Id.* (emphasis in original).

The Court has reviewed the other considerations raised or reiterated by petitioner and finds them to be without merit. Accordingly, the Report and Recommendation recommending that the writ of habeas corpus be denied is hereby adopted and the action dismissed. Clerk to enter judgment.

SO ORDERED.