**Ali Abdul RASHID a/k/a Chester Bruce, Petitioner,**

v.

**Robert H. KHULMANN, Superintendent, Sullivan Correctional Facility, Respondent.**

No. 97 CIV. 3037(SS).

United States District Court, S.D. New York.

Jan. 8, 1998.

Ali Abdul Rashid, Dannemora, NY, pro se.

SOTOMAYOR, District Judge.

Respondent moves to dismiss this habeas petition on the ground that the claims asserted by petitioner are barred by the one-year limitations period of § 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104–132, 110 Stat. 1217 (April 24, 1996), codified at 28 U.S.C. § 2244(d). Petitioner mailed his petition to the Court 359 days after the effective date of the AEDPA, and over ten years after his conviction became final. For the reasons to be discussed, I grant respondent's motion to dismiss the habeas petition as untimely.

### BACKGROUND

Petitioner was convicted on December 22, 1983, following a jury trial in New York State Supreme Court, New York County, of Criminal Possession of a Controlled Substance in the First Degree (N.Y. Penal Law § 220.21(1)) and Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16(1)), and three counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16(1)). Petitioner was sentenced to an indeterminate prison term of fifteen years to life on the first count and concurrent terms of six to twelve years on the remaining counts. Petitioner is currently incarcerated at Sullivan Correctional Facility.

Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, First Department, on the grounds that 1) the state failed to establish his guilt beyond a reasonable doubt, 2) the trial court improperly allowed introduction of evidence of uncharged crimes, 3) the trial court's sentencing as a second felony offender was tainted by flaws in the plea to the predicate offense, 4) the sentence imposed was harsh and excessive, 5) petitioner was denied effective assistance of counsel, and 6) the trial court erred in charging the jury on permissible inferences regarding intent. On May 27, 1986, the Appellate Division affirmed petitioner's conviction. *People v. Bruce*, 120 A.D.2d 993, 502 N.Y.S.2d 567 (1st Dep't 1986). On September 11, 1986, the New York State Court of Appeals denied petitioner leave to appeal. *People v.. Bruce*, 68 N.Y.2d 810, 507 N.Y.S.2d 1027, 499 N.E.2d 876 (1986). Petitioner did not file a petition for certiorari with the United States Supreme Court. Petitioner did file a petition pursuant to CPL § 440.20 in the Supreme Court, New York County, which petition was denied on December 31, 1985; petitioner did not appeal this denial. Petitioner also states that he filed another § 440.20 petition on April 18, 1997. Although the state authorities deny having received this petition, for purposes of this motion to dismiss the Court will assume that the petition was in fact filed.

On April 18, 1997, petitioner mailed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent submitted its motion to dismiss on September 5, 1997, and petitioner opposed the motion on or about September 23, 1997. Respondents submitted an affidavit in reply on October 27, 1997, and petitioner submitted a further response on November 9, 1997.

### DISCUSSION

Petitioner filed this petition after April 24, 1996, the effective date of the AEDPA. The AEDPA amended the habeas corpus statute to require that habeas petitions "be filed no later than one year after the completion of state court review." 28 U.S.C. § 2244(d)(1)(A) (1997). However, "[t]ime during which a properly filed state court

application for collateral review is pending is excluded from the one year period." *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996); *see* 28 U.S.C. § 2244(d)(2). The Second Circuit in *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997), recognized that it would be unfair to deny access to the federal courts to prisoners who did not have notice of the new time limits of the AEDPA. Although other circuits have ruled that "habeas petitioners should have a full year after the effective date of the AEDPA to file their petitions in federal district court," *Lindh v.. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *United States v. Simmonds,* 111 F.3d 737 (10th Cir.1997); *Calderon v. United States District Court for the Central District of California,* 112 F.3d 386, 389 (9th Cir.1997), this Circuit has held that "a habeas corpus petitioner is entitled to a 'reasonable time' after the effective date of the AEDPA to file a petition." *Peterson,* 107 F.3d at 92. Furthermore, "in circumstances ... where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA." *Peterson,* 107 F.3d at 93.

Following *Peterson,* district courts in this circuit have found petitions filed near the end of the year following the enactment of the Act to be untimely.[1] *See, e.g., Acosta v. Artuz,* 985 F.Supp. 438, 439 (S.D.N.Y. 1997) (petition untimely when filed 359 days after AEDPA and three years after conviction became final); *Hill v. Keane,* 984 F.Supp. 157, 159 (E.D.N.Y. 1997) (358 days after AEDPA, two years after conviction); *Howard v. Lacy,* No. 97 Civ. 2286, 1997 U.S. Dist. Lexis 19185, at *10, 1997 WL 749390, at *3 (S.D.N.Y. Dec. 4, 1997) (340 days after AEDPA, eleven years after conviction); *Wong v. United States,* No. CV 97–2234, 1997 WL 793107, at *1, 1997 U.S. Dist. Lexis 19947, at *4 (E.D.N.Y. Nov. 20, 1997) (365 days after AEDPA, five years after conviction); *Hair-*

ston v. United States, No. CV 97–2212, 1997 WL 793108, at *1, 1997 U.S. Dist. Lexis 19948, at *3 (E.D.N.Y. Nov. 18, 1997) (365 days after AEDPA, twenty years after conviction); *Pacheco v. Artuz,* No. 97 Civ. 3171, 1997 U.S. Dist. Lexis 18257, at *5, 1997 WL 724774, at *2 (S.D.N.Y. Nov. 17, 1997) (358 days after AEDPA, thirteen years after conviction); *Reese v. Greiner,* No. 97 Civ. 5622, 1997 U.S. Dist. Lexis 17641, at *3–4, 1997 WL 694716, at *2 (S.D.N.Y. Nov. 6, 1997) (eleven months after AEDPA, six years after conviction); *Reid v. Greiner,* No. 97 CV 1852, 1997 U.S. Dist. Lexis 19257, at *6–7, 1997 WL 694723, at *2 (E.D.N.Y. Nov. 3, 1997) (341 days after AEDPA, four years after conviction); *Santana v. United States,* 982 F.Supp 942, 943 (S.D.N.Y. 1997) (306 days after AEDPA, three years after conviction); *Avincola v. Stinson,* No. 97 Civ. 1132, 1997 U.S. Dist. Lexis 17078, at *6, 1997 WL 681311, at *2 (S.D.N.Y. Oct. 29, 1997) (266 days after AEDPA, five years after conviction); *Garcia v. New York State Dep't of Correctional Services,* No. 97 Civ. 3867, 1997 U.S. Dist. Lexis 17079, at *7, 1997 WL 681313, at *2 (S.D.N.Y. Oct. 28, 1997) (350 days after AEDPA, three years after conviction); *United States v. Terry,* No. 97–CV–522, 1997 U.S. Dist. Lexis 16606, at *7, 1997 WL 662477, at *2 (N.D.N.Y. Oct. 20, 1997) (350 days after AEDPA, three years after conviction); *White v. Garvin,* No. 97 Civ. 3244, 1997 U.S. Dist. Lexis 15577, at *7, 1997 WL 626396, at *3 (S.D.N.Y. Oct. 7, 1997) (341 days after AEDPA, nineteen months after conviction); *Degrijze v. Artuz,* No. CV 97–2258, 1997 U.S. Dist. Lexis, at *3, 1997 WL 720756, at *1 (E.D.N.Y. Oct. 1, 1997) (355 days after AEDPA, three years after conviction); *Ross v. Artuz,* No. CV 97–3564, 1997 U.S. Dist. Lexis 16238, at *3, 1997 WL 720754, at *1 (E.D.N.Y. Oct 1, 1997) (325 days after AEDPA, two years after conviction); *Reynoso v. Artuz,* No. 97 Civ. 2797, 1997 U.S. Dist. Lexis 14896, at *2, 1997 WL 605119, at *1 (S.D.N.Y. Oct. 1, 1997) (345 days after AEDPA, three years after convic-

---

1. These cases include motions filed under 28 U.S.C. § 2255 in addition to habeas petitions under 28 U.S.C. § 2254. Although the *Peterson* court was construing § 2254 only, there is no reason to think that the identical statute of limitations present in § 2255 should be construed

any differently, and this Court thus looks to decisions applying *Peterson* to both types of petitions as persuasive. *Accord Santana v. United States,* No. 97 Civ. 2574, 1997 U.S. Dist. Lexis 17068, at *5, 1997 WL 677441, at *2 (S.D.N.Y. Oct. 31, 1997).

tion); *Nucci v. Artuz,* No. CV 97–2352, 1997 U.S. Dist. Lexis 16235, at *3–4, 1997 WL 720773, at *1 (E.D.N.Y. Sept. 30, 1997) (363 days after AEDPA, six years after conviction); *Posada v. United States,* No. CV 97–2506, 1997 U.S. Dist. Lexis 16233, at *3, 1997 WL 720757, at *1 (E.D.N.Y. Sep. 30, 1997) (363 days after AEDPA, two years after conviction); *LaTorres v. Walker,* No. 97 Civ. 3392, 1997 U.S. Dist. Lexis 14931, at *5, 1997 WL 605105, at *2 (S.D.N.Y. Sept. 29, 1997) (352 days after AEDPA, four years after conviction); *Byas v. Keane,* No. 97 Civ. 2789, 1997 U.S. Dist. Lexis 14926, at *4, 1997 WL 605106, at *2 (S.D.N.Y. Sept. 29, 1997) (329 days after AEDPA, five years after conviction); *Yeung v. Artuz,* No. 97 Civ. 3288, 1997 WL 572908, at *2 (S.D.N.Y. Sept.10, 1997) (362 days after AEDPA, one year after conviction); *see also id.* (collecting earlier cases).

The Second Circuit in *Peterson* also cautioned, however, that "we do not think that the alternative of a 'reasonable time' should be applied with undue rigor." *Peterson,* 107 F.3d at 93. Accordingly, courts in this circuit have found petitions filed after the effective date of AEDPA to be timely where the petition was filed well before the conclusion of the one year period following the effective date of the Act or soon after state review concluded. *See Peterson,* 107 F.3d at 93 (petition filed seventy-two days after the effective date of the Act considered reasonable where direct state review concluded in 1978); *Morillo v. Crinder,* No. 97 Civ. 3194, 1997 U.S. Dist. Lexis 18295, at *6, 1997 WL 724656, at *2 (S.D.N.Y. Nov. 17, 1997) (petition timely when filed 350 days after effective date of AEDPA, but only 370 days after conviction became final); *Jones v. Artuz,* No. CV 97–2394, 1997 U.S. Dist. Lexis 15581, at *2–3 (E.D.N.Y. Sept. 13, 1997) (petition timely when filed 357 days after AEDPA, but only fourteen months after conviction became final); *Higgins v. Strack,* No. CV 97–2226, 1997 U.S. Dist. Lexis, at *2–3 (E.D.N.Y. Sept. 12, 1997) (petition timely when filed 361 days after AEDPA, but only eighteen months after conviction became final); *Rivalta v. Artuz,* No. 96 Civ. 8043, 1997 U.S. Dist. Lexis 10282, at *2 n. 1, 1997 WL 401819, at *1 n. 1 (S.D.N.Y. July 16, 1997) (petition filed six months following the effective date of the Act

when last state court review occurred on August 17, 1989 found to be within a reasonable period of time); *Ojeda v. Artuz,* No. 96 Civ. 5900, 1997 U.S. Dist. Lexis 7445, at *7–8, 1997 WL 283398, at *2 (S.D.N.Y. May 29, 1997) (petition timely when filed eighty-nine days after the effective date of the Act and when the state judgment became final on November 14, 1992).

■ The Second Circuit in *Peterson* provided little guidance as to what factors should be considered in determining whether this petition is filed within a reasonable time after the effective date of the AEDPA, except to say that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year . . . ." *Peterson,* 107 F.3d at 93. The implication of this statement is that the length of time since conviction is a factor to be considered, with more recently convicted petitioners afforded a longer time, perhaps even up to one full year. *See Morillo,* 1997 U.S. Dist. Lexis 18295, at *5–6, 1997 WL 724656, at *2 (petition filed 350 days after AEDPA timely because, *inter alia,* petitioner who filed 370 days after conviction "did not have years to contemplate bringing his petition"); *Jones,* 1997 U.S. Dist. Lexis 15581, at *2–3 (petition filed 357 days after AEDPA not untimely where only fourteen months after conviction).

■ In addition to this factor, the district courts applying *Peterson* have relied on a number of common factors in making their analysis: (1) whether the federal petition merely restates claims made to the state courts, and thus does not require extensive additional preparation, *see Avincola,* 1997 WL 681311, at *2, 1997 U.S. Dist. Lexis 17078, at *6, 1997 WL 681311, at *2 (petition filed 266 days after AEDPA untimely because, *inter alia,* "[t]he claims raised here are identical to those raised in state court"); *White,* 1997 U.S. Dist. Lexis 15577, at *5, 1997 WL 626396, at *2 ("Because petitioner raised the same claims in his prior appeals, he did not have to do much, if any, legal research or writing to complete his petition.") (petition filed 341 days after the AEDPA untimely); *Berger v. Stinson,* 977 F.Supp.

243, 245 (W.D.N.Y.1997) ("[I]t is difficult to see why an extended period of time was necessary to prepare and file a habeas corpus petition based on the same facts" as a previous state collateral motion); (2) whether the petitioner is proceeding *pro se* or is represented by counsel, *see Morillo,* 1997 U.S. Dist. Lexis 18295, at *6, 1997 WL 724656, at *2 (filing *pro se* "can substantially increase the time involved in preparation of court documents") (petition timely); *Rivalta v. Artuz,* 1997 U.S. Dist. Lexis 10282, at *2 n. 1, 1997 WL 401819, at *1 n. 1 (S.D.N.Y.1997) (petition filed six months after AEDPA timely "in light of the ... liberal treatment traditionally conferred by this Circuit on *pro se* parties"); *but see Rosa v. Senkowski,* No. 97 Civ. 2468, 1997 U.S. Dist. Lexis 11177, at *10–11, 1997 WL 436484, at *4 (S.D.N.Y. Aug. 1, 1997) ("[T]o allow the absence of counsel to extend the filing period would render the 'reasonable' time limitations imposed by the Second Circuit void in the substantial number of *pro se* habeas corpus petitions brought in this district."); (3) whether the petitioner was pursuing state collateral relief during the post-AEDPA period, *see Newton,* 1997 U.S. Dist. Lexis 17511, at *6–7, 1997 WL 752348, at *2; *Johnson v. Kelly,* No. CV 97–1298, 1997 U.S. Dist. Lexis 15580, at *6–7 (E.D.N.Y. Sept. 12, 1997); and (4) the difficulty or complexity of the issues raised by the petition; *see Carmona v. Artuz,* No. 96 Civ. 8045, 1997 U.S. Dist. Lexis 15791, at *15 (S.D.N.Y. Oct. 3, 1997) (magistrate judge report and recommendation). Generally speaking, petitions filed within a month or two of the one-year anniversary of the AEDPA have been presumed untimely absent compelling explanation. *See Pacheco,* 1997 U.S. Dist. Lexis, at *5, 1997 WL 724774, at *2; *Garcia,* 1997 U.S. Dist. Lexis 17079, at *7, 1997 WL 681313, at *2.

■ In this case, petitioner's application is not timely. According to petitioner, he mailed the petition on April 18, 1997, within the one-year period of the AEDPA. Petitioner's mailing, however, was 359 days after the effective date of the AEDPA, and over ten years after his conviction had become final.[2] The claims raised in this petition are essentially the same as petitioner raised in his state court proceedings. Petitioner is not raising any new claims of unusual difficulty or magnitude. Petitioner offers no explanation as to why he waited ten years after his conviction to file his petition, nor any explanation as to why his petition could not have been filed more expeditiously after the AEDPA was passed.

■ The fact that the petitioner filed a CPL § 440.20 petition on April 18, 1997, does not serve to make the petitioner's filing more reasonable. It is true that, under 28 U.S.C. § 2244(d)(2), the one year statute of limitations is tolled while a duly filed petition for state collateral review is pending. The tolling provision does not, however, "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because petitioner's one year period expired in December 1987, his collateral petition filed in 1997 does not serve to revive the limitations period, and petitioner is only entitled to the *Peterson* reasonable time.

It is true that courts have found pending collateral review to be a factor in determining what length of time is reasonable, *see Newton,* 1997 U.S. Dist. Lexis 17511, at *6–7, 1997 WL 752348, at *2. Perhaps if petitioner's § 440.20 petition had itself been filed within a reasonable time after the effective date of the AEDPA, and this federal petition filed expeditiously thereafter, it might serve to make the filing of this habeas petition reasonable. However, that is not the case.

**2.** Rashid's leave to appeal his conviction was denied by the New York Court of Appeals on September 11, 1986. Adding the 90–day period during which a petition for certiorari could have been filed, *see* Sup.Ct. R. 13, the conviction became final on December 10, 1986. *See* 28 U.S.C. § 2244(d)(1)(A) (for AEDPA statute of limitations, conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); *cf. Caspari v. Bohlen,* 510 U.S. 383, 114 S.Ct. 948, 953–54, 127 L.Ed.2d 236 (1994) (for *Teague* retroactivity analysis, state conviction becomes final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied").

Petitioner filed his state petition on April 18, 1997—i.e., concurrently with this federal petition. By that time the *Peterson* reasonable time period had already lapsed, and the state petition obviously cannot serve to explain away the delay in filing this petition. The petition is therefore untimely under *Peterson*.[3]

Petitioner also contends that the application of the *Peterson* reasonable time limit to his petition constitutes a violation of the Ex Post Facto Clause of the United States Constitution.[4] Petitioner is incorrect. The Ex Post Facto Clause applies only to *penal* statutes, i.e., "legislative action that retroactively 'punishes as a crime an act previously committed, which was innocent when done,' 'makes more burdensome the punishment for a crime, after its commission,' or 'deprives one charged with crime of any defense available according to law at the time when the act was committed.'" *Doe v. Pataki*, 120 F.3d 1263, 1272 (2d Cir.1997) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925)). The statute of limitations created by the AEDPA does not fall under any of the three *Beazell* categories. Moreover, "[e]ven though it may work to the disadvantage of a defendant, a procedural change is not ex post facto."

*Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977); *see also Berrios v. United States*, 126 F.3d 430, 433 (2d Cir.1997) (change in procedure by which defendant could apply for reduction in sentence based on superseding Sentencing Guidelines did not constitute ex post facto law). In addition, properly viewed, the imposition of the statute of limitations did not disadvantage the petitioner, because it still left him a reasonable time in which to file his petition—at most, the disadvantage was that he was required to act in a more expeditious manner than he would have preferred. The Ex Post Facto Clause, however, only prohibits legislative adjustments "of sufficient moment," *California Dep't of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 1603, 131 L.Ed.2d 588 (1995), and thus "the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor ... on whether the amendment affects a prisoner's *opportunity* to take advantage of provisions for early release, but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Id.* at 1602 n. 3 (discussing California revisions to its parole review system). The statute of limitations does

---

**3.** In *Rosa v. Senkowski*, No. 97 Civ. 2468, 1997 U.S. Dist. Lexis 11177, 1997 WL 436484 (S.D.N.Y. Aug. 1, 1997), *certified for interlocutory appeal*, 1997 U.S. Dist. Lexis 18310, 1997 WL 724559 (S.D.N.Y. Nov. 19, 1997), *appeal docketed*, No. 97–2974 (2d Cir. Dec. 31, 1997), Judge Robert J. Sweet refused to dismiss a petition that was time-barred under *Peterson* on grounds that the statute of limitations in the AEDPA violates the Suspension Clause, *see* U.S. Const. art. I, § 9, cl. 2, and the Due Process Clause of the Fourteenth Amendment, *see* U.S. Const. amend. XIV, § 1. *See also Montalvo v. Portuondo*, No. 97 Civ. 3336, U.S. Dist. Lexis 19288, 1997 WL 752728 (S.D.N.Y. Dec.4, 1997) (Sweet, J.) (reaffirming *Rosa* holding). In a recent opinion, this Court declined to follow Judge Sweet's holding. *See Rodriguez v. Artuz*, 990 F.Supp. 275 (S.D.N.Y. 1998).

In *Rodriguez*, this Court stated that "at least where no claim of actual or legal innocence has been raised, as long as the procedural limits on habeas leave petitioners with some reasonable opportunity to have their claims heard on the merits, the limits do not render habeas inadequate or ineffective to test the legality of deten-

tion and, therefore, do not constitute a suspension of the writ in violation of Article I of the United States Constitution." *Id.* (This Court in *Rodriguez* did not hold that dismissing an actual innocence claim as time-barred would be unconstitutional; it was unnecessary to reach the question as no such claim was made in that case.) Furthermore, it was held that in general *Peterson* afforded petitioners such a reasonable opportunity. *Id.* The Court sees no reason to deviate from its holding in this case. Rashid presents no claim of actual innocence, nor does it appear from the face of the petition that the issues he raises could support the substantial threshold showing necessary for such a claim, *see Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt"); *id.* at 867 (describing actual innocence case as "truly extraordinary"). Furthermore, Rashid has presented no special facts which would suggest that he did not have a reasonable opportunity to file his habeas petition.

**4.** "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

neither of these two things, and thus does not violate the Ex Post Facto Clause. *Accord Rosa,* 1997 U.S. Dist. Lexis 11177, at *11 n. 1, 1997 WL 436484, at *4 n. 1. At best, petitioner's argument raises a claim that the statute is being construed retroactively without a clear statement of congressional intent, *see Landgraf v. USI Film Products,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994). However, *Peterson* forecloses such a claim.

In summary, I find that the petitioner's filing of a habeas petition within 359 days after the effective date of the AEDPA, and over ten years after the petitioner exhausted his state remedies is "unreasonable" as that term was set forth by the Second Circuit in *Peterson.*

### CONCLUSION

For the reasons discussed, defendant's motion to dismiss is granted. The petition for a writ of habeas corpus is denied and dismissed.

**SO ORDERED.**