JON O. NEWMAN, Chief Judge:
 

 This motion for a certificate of appealability (“COA”) by a state prisoner seeking to appeal the denial of a petition for habeas corpus concerns the timeliness of a petition filed shortly after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), Pub.L.No. 104-132, 110 Stat. 1214 (1996). Wayne Peterson, proceeding
 
 pro se,
 
 seeks a COA in order to appeal the September 24, 1996, judgment of the District Court for the Southern District of New York (Charles L. Brieant, Judge), dismissing his petition for a writ of habeas corpus on the ground that the petition was filed more than one year after state court remedies had been exhausted. We conclude that a habeas corpus petitioner is entitled to a reasonable time after the effective date of the AEDPA to file a petition, and that Peterson’s petition, filed 72 days after the effective date was filed within a reasonable time. We therefore grant a COA, and reverse and remand for further consideration of the petition.
 

 
 *-1483
 
 Background
 

 Peterson was convicted in 1974 in the Orange County (N.Y.) Court of second degree murder and other offenses. His conviction was affirmed,
 
 People v. Peterson,
 
 64 A.D.2d 875, 407 N.Y.S.2d 770 (2d Dep’t 1978) (table), and leave to appeal to the New York Court of Appeals was denied,
 
 People v. Peterson,
 
 45 N.Y.2d 823, 409 N.Y.S.2d 1054, 381 N.E.2d 625 (1978). Peterson filed his federal habeas corpus petition in the District Court on July 5, 1996. Judge Brieant dismissed the petition as time-barred by the AEDPA because the petition was filed more than one year after the conclusion of state court direct review.
 
 See
 
 AEDPA, § 101 (to be codified at 28 U.S.C. § 2244(d)(1)(A)).
 

 Peterson then moved in this Court for a COA.
 
 See AEDPA,
 
 § 103 (amending Fed. R.App.P. 22). By order to show cause, we afforded the State an opportunity to oppose appellant’s motion and directed the State’s attention to the timeliness issue.
 

 Discussion
 

 In
 
 Reyes v. Keane,
 
 90 F.3d 676 (2d Cir. 1996), we ruled that the one-year time limit of the AEDPA did not apply to a petition filed before the effective date of the Act.
 
 Id.
 
 at 679. “There is no indication that Congress wished to cut off access to federal courts by state prisoners who lacked notice of the new limitations period.”
 
 Id. We
 
 identified, but did not decide, the issue of
 

 whether a state prisoner who files his ha-beas petition more than a year after state court direct review was completed but within a year after the effective date of the AEDPA will be allowed a full year from the effective date of the Act or only a reasonable time thereafter.
 

 Id.
 
 The Seventh Circuit appears to have ruled that habeas petitioners should have a full year after the effective date of the AED-PA to file their petitions in a federal district court.
 
 Lindh v. Murphy,
 
 96 F.3d 856, 866 (7th Cir.1996) (in banc).
 
 [1]
 

 In circumstances like Peterson’s, where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA. At the same time, we do not think that the alternative of a “reasonable time” should be applied with undue rigor. In this case, the petition was filed 72 days after the effective date of the Act, and may well have been handed to prison authorities for mailing a slightly shorter interval after that effective date.
 
 See Houston v. Lack,
 
 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (timeliness of prisoners’ filings measured from date papers handed to prison authorities for mailing). We conclude that the filing was timely.
 

 The State also calls to our attention Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:
 

 (a) Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.
 

 The State contends that this petition, filed 23 years after the conviction, should be dismissed under Rule 9(a), especially since the grounds for challenging the conviction were available at the time of trial and could have been presented to a district court as soon as state remedies had been exhausted in 1978.
 

 In ruling that the petition is not time-barred by the AEDPA, we do not consider the issue of whether it might be dismissed by the District Court in the exercise of the discretion conferred by Rule 9(a). That is
 
 *-1482
 
 sue, which normally requires consideration of factual circumstances, is appropriately left for the District Court, in the first instance. Alternatively, if the petition fails on its merits, the District Court may prefer to adjudicate the petition on that basis.
 

 Accordingly, we grant a certificate of ap-pealability for the limited purpose of considering whether the petition is barred by the time limits of the AEDPA, and, concluding that it is not time-barred, we reverse and remand for further consideration of the petition.
 

 [1]
 

 . We say "appears” because of our uncertainly as to this key language in the opinion: "[R]eliance interests lead us to conclude that no collateral attack filed by April 23, 1997, may be dismissed under §
 
 2244(d)....” Lindh,
 
 96 F.3d at 867. We cannot be sure whether the Seventh Circuit was ruling that all petitions filed within one year after the effective date of the AEDPA would be considered timely or only those filed by a petitioner with "reliance interests.” The Seventh Circuit stated that Lindh “lacks any reliance interest nearly that strong,”
 
 id.,
 
 but nonetheless entertained his petition.