**David LEE, Petitioner,**

v.

**Christopher ARTUZ, Superintendent of Green Haven Correctional Facility, Respondent.**

**No. 97 Civ. 3190 (SHS)(AJP).**

United States District Court,
S.D. New York.

June 24, 1997.

David Lee, Stormville, NY, pro se.

## *ORDER*

STEIN, District Judge.

In a "Report and Recommendation" dated May 21, 1997, U.S. Magistrate Judge Andrew J. Peck recommended that:

Petitioner's application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 be dismissed on the grounds that his petition is untimely pursuant to the one year limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Written objections to the "Report and Recommendation" have not been filed with the Court by petitioner and the time in which to file such objections has expired pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).

Upon review *de novo* of Magistrate Judge Peck's "Report and Recommendation" dated May 21, 1997,

IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of *habeas corpus* is dismissed on the grounds that his petition is untimely pursuant to the one year limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

2. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253, as amended by the AEDPA; *see also Rodriquez v. Scully,* 905 F.2d 24 (2d Cir.1990) (*per curiam* ) (discussing issuance of a certificate of probable cause under standard prior to amendment of 28 U.S.C. § 2253); *Alexander v. Harris,* 595 F.2d 87, 90–91 (2d Cir.1979).

3. Pursuant to 28 U.S.C. § 1915(a) the Court certifies that any appeal from this Order would not be taken in good faith.

SO ORDERED.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge:

**To the Honorable Sidney H. Stein, United States District Judge:**

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts, 28 U.S.C. foll. § 2254, I recommend that the Court summarily dismiss petitioner David Lee's habeas corpus petition on the ground that he is not entitled to relief, since his April 18, 1997 petition is untimely under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1]

## FACTS

Petitioner David Lee's habeas petition is dated April 18, 1997 and was received by the Court's Pro Se Office on April 24, 1997. (*See* Petition.) The Petition indicates that on December 15, 1983, Lee was convicted of second degree murder and first degree rape and sentenced to 25 years to life imprisonment. (Petition ¶¶ 1–4.) The Appellate Division, First Department affirmed his conviction on

May 19, 1988. *People v. Lee,* 140 A.D.2d 1011, 529 N.Y.S.2d 928 (1st Dep't 1988). (*See* Petition ¶ 9.) The Court of Appeals denied leave to appeal on August 19, 1988. *People v. Lee,* 72 N.Y.2d 920, 532 N.Y.S.2d 854, 529 N.E.2d 184 (1988). (*See* Petition ¶ 9.)

As previously noted, Lee's federal habeas petition is dated April 18, 1997 and was received by the Court's Pro Se Office on April 24, 1997. It raises the same issue he previously raised on direct appeal—that his conviction was obtained by the testimony of an accomplice without corroborative evidence. (*See* Petition ¶ 9(d), ¶ 12.)

## ANALYSIS

### THE AEDPA'S ONE–YEAR STATUTE OF LIMITATIONS

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act. The AEDPA significantly modified § 2254 for non-death penalty cases. Specifically, the AEDPA instituted a one-year statute of limitations for habeas petitions:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

28 U.S.C. § 2244(d)(1) (as amended by the AEDPA).

In *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), the Second Circuit held that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA." 107 F.3d at 93. Rather, the Court gave the prisoner a "reasonable time" after enactment of the AEDPA to bring his habeas petition. *Id.* (finding petition brought 72 days after enactment of AEDPA to be timely).

Here, counting from the Court of Appeal's denial of leave to appeal, the one-year limitation period would have run no later than

---

[1]. Because of this Report and Recommendation to dismiss, the Court need not decide Lee's application for appointment of counsel.

August 1989. Thus, Lee must be allowed a "reasonable time" after the April 24, 1996 enactment of the AEDPA to bring his federal habeas petition. Lee did not file his petition, however, until April 18, 1997 (giving him the benefit of the doubt)—just 6 days short of a year after enactment of the AEDPA. The Court need not decide where between 72 days (upheld in *Peterson*) and one year the line should be drawn. But if the Second Circuit's *Peterson v. Demskie* decision is to have any meaning, Lee's Petition, filed just 6 days short of a year and based on the same ground he previously raised in his 1988 direct appeal, is untimely. Under the AEDPA, therefore, Lee's Petition should be dismissed with prejudice.

### CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice Lee's petition as barred by the AEDPA's one-year statute of limitations.

### FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See* also Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Stein. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989);

*Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

May 21, 1997.