Richard G. **BERGER**, Petitioner,

v.

James D. **STINSON**, Superintendent of Great Meadow Correctional Facility, Respondent,

and

Howard R. **Relin**, District Attorney of Monroe County, Intervenor.

No. 97–CV–6150L.

United States District Court, W.D. New York.

Aug. 22, 1997.

Robert M. Simels, Robert M. Simels, P.C., New York City, for Petitioner.

Robert Mastrocola, Howard R. Relin, Dist. Atty. of Monroe County, Rochester, NY, for Intervenor–Plaintiff.

## *DECISION AND ORDER*

LARIMER, Chief Judge.

On April 16, 1997, petitioner, Richard Berger, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Berger was convicted on June 13, 1986 in New York State Supreme Court, Monroe County, of murder in the second degree. The State has filed an answer to the petition opposing the petition on several grounds. Because I agree with the State that the petition is time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), I conclude that the petition must be dismissed.

## DISCUSSION

The AEDPA, which became effective on April 24, 1996, amended 28 U.S.C. § 2244, in pertinent part as follows:

(1) A 1–year period shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To analyze the effect of the AEDPA on the instant case, then, it is necessary to set forth the dates of the relevant events. As stated, petitioner was convicted on June 13, 1986. The Appellate Division, Fourth Department, affirmed his conviction on April 3, 1987. The grounds for that appeal were the prosecution's failure to apprise Berger before trial of the substance of a certain witness's testimony, and ineffective assistance of counsel, neither of which is raised here. The New York Court of Appeals denied leave to appeal on June 18, 1987. The Appellate Division also denied a *pro se* motion for reargument on November 10, 1987.

In October 1990, Berger filed a motion for a writ of error coram nobis, based on a claim of ineffective assistance of appellate counsel. The Appellate Division denied the motion on November 2, 1990.

In June 1994, Berger filed a motion in Supreme Court under N.Y. C.P.L. § 440.10. The ground for the motion was that the prosecution violated its obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to inform Berger of evidence favorable to him, specifically the criminal history of a prosecution witness, James Ryan. While that motion was pending, Berger's attorney also sent the court a copy of a statement of Richard Lindsay, an alleged coconspirator who told the police that Ryan had told him that Ryan committed the murder. Berger contended that the prosecution's failure to provide him with this statement before trial constituted a second *Brady* violation.

Supreme Court denied the § 440.10 motion on October 18, 1994. The Appellate Division denied permission to appeal on February 23, 1995. Berger sought leave to appeal to the Court of Appeals, and the Appellate Division denied that application on March 28, 1995, on the ground that the order sought to be appealed from was not appealable under C.P.L. § 450.90(1).

The petition in this case was filed on April 16, 1997. The grounds raised are the two alleged *Brady* violations that were the basis for Berger's § 440.10 motion, as well as a third claim that was never presented to the state courts. This claim also asserts a *Brady* violation based on the prosecution's alleged failure to provide Berger with the statement of one David Leecy, who stated in a supporting deposition that Ryan had told him certain things that were inconsistent with his trial testimony.

Berger's habeas petition, then, was filed more than one year after termination of his state court proceedings, but less than one year after the effective date of the AEDPA. The Second Circuit addressed this situation in *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), holding that "a habeas corpus petitioner is entitled to a reasonable time after the effective date of the AEDPA to file a petition." *Id.* at 92. Finding that the *Peterson* petitioner's filing of his petition seventy-two days after the effective date of the AEDPA was timely, the court declined to set forth a precise definition of "reasonable time," though it did state that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA." *Id.* at 93.

In the case at bar, Berger's state court proceedings ended on March 28, 1995, when the Appellate Division denied his application for leave to appeal the denial of his § 440.10 motion to the Court of Appeals. That was over two years before Berger filed his petition in this court. In addition, his state court proceedings *should* have ended on February 23, 1995, when the Appellate Division denied his application for leave to appeal to the Appellate Division, since § 450.90 does not authorize appeals from an intermediate appellate court's denial of permission to appeal, nor does the Criminal Procedure Law allow appeals from a trial court's denial of a § 440.10 motion directly to the Court of Appeals.

In support of his assertion that the petition was timely filed, Berger's attorney states that Berger was wounded in a knife attack by other inmates in June 1995, and that

during his convalescence, Berger "has had difficulty" in communicating with his attorney. Robert M. Simels Aff., Apr. 15, 1997, ¶ 6. He also states that Berger's relatives, who are financing this petition, did not have the, funds to proceed until the Fall of 1996, and that it took counsel some time to obtain necessary documents. Simels Aff. ¶ 7.

I am not persuaded that these alleged circumstances render Berger's petition timely. Particularly significant is the fact that Berger's present attorney also represented him on his § 440.10 motion. In light of that fact, it is difficult to see why an extended period of time was necessary to prepare and file a habeas corpus petition based on the same facts. Moreover, to the extent that the instant petition raises factual issues that were not included in his § 440.10 motion,.*i.e.*, the claim relating to Leecy, that claim is unexhausted and accordingly should not have been raised in this petition in the first place. In addition, the underlying conviction that is challenged in this habeas petition occurred more than a decade ago.

This case, then, falls squarely within the statement in *Peterson* that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, [there is] no need to accord a full year after the effective date of the AEDPA." 107 F.3d at 93. Here, the petition was filed April 16, 1997, just eight days short of a full year after the AEDPA became effective. To find the petition timely, then, would virtually accord Berger the full year to which he is not entitled under *Peterson*. The petition is therefore dismissed as time-barred. *See Rosa v. Senkowski*, No. 97 CIV. 2468, 1997 WL 436484 *4 (S.D.N.Y. Aug. 8, 1997) (dismissing petition filed 349 days after effective date of AEDPA); *Maddaloni v. Greiner*, No. 97 CIV. 3034, 1997 WL 438801 *2 (S.D.N.Y. Aug. 5, 1997) (358 days); *Kirby v. Senkowski*, No. 97 CIV. 3329, 1997 WL 399663 (S.D.N.Y. July 15, 1997) (356 days); *Oppenheimer v. Kelly*, No. 97 CIV. 3035, 1997 WL 362216 (S.D.N.Y. June 27, 1997) (350 days); *Lee v. Artuz*, 969 F.Supp. 872 (S.D.N.Y.1997) (359 days).

## CONCLUSION

Petitioner's petition for a writ of habeas corpus is dismissed.

For the reasons set forth above, a certificate of appealability is denied; petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253.

Also for the reasons set forth above, I hereby certify that any appeal from this order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a) and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Byrnes v. Walker*, 369 U.S. 436, 82 S.Ct. 947, 8 L.Ed.2d 16 (1962).

IT IS SO ORDERED.