**George LANDA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 97–CV–60275–AA.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 23, 1998.

Alan Gershel, Asst. U.S. Attorney, Detroit, MI, for Respondent.

George Landa, Safford, AZ, pro se.

*ORDER DENYING PETITIONER'S MOTION TO STRIKE GOVERNMENT'S RESPONSE BRIEF AND ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION*

HACKETT, District Judge.

Petitioner George Landa has filed a 28 U.S.C. § 2255 motion to vacate sentence, to

be resentenced and to have counsel appointed to represent him on appeal. The government filed a response opposing the motion on the grounds that it is barred by the one-year statute of limitations set forth pursuant to section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which amended section 2255. Petitioner also filed a motion to strike the government's response brief on the grounds that it was filed one day late. For the reasons set forth below, petitioner's motions shall be denied.

On December 13, 1995, a judgment of conviction and sentence was entered against petitioner sentencing him to 72 months imprisonment for conspiracy to distribute cocaine. On June 17, 1997, petitioner filed a pro se notice of appeal of conviction. The Sixth Circuit ordered him to show cause why the appeal should not be denied as untimely. Petitioner argued that his prior counsel failed to timely file a notice of appeal. The Sixth Circuit ruled that this failed to save petitioner's direct appeal but that petitioner might have remedies under section 2255.

On September 25, 1997, petitioner filed his section 2255 motion arguing that the court should vacate his prior sentence, resentence him and appoint new counsel so that the new counsel could file a timely notice of appeal for him. In its discretion, the court has considered the government's response which was filed only one day late. The government responds that petitioner's section 2255 motion must be dismissed because it was not filed within the one-year statute of limitations. Section 2255, as amended by the AEDPA, provides for a one-year statute of limitations as follows:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The government contends that the statute of limitations began running on the date that petitioner was convicted, December 13, 1995. In the alternative, the government argues that the statute of limitations period began running on the date that the AEDPA went into effect, April 24, 1996. Either way, petitioner's section 2255 motion would be time barred as it was not filed until September 25, 1997.

The Sixth Circuit has not yet addressed the question of when the one-year statute of limitations period begins running for convictions entered prior to the effective date of the AEDPA, but several other courts have. The Tenth and Seventh Circuits have ruled that the one-year statute of limitations period set forth in the AEDPA, which applies to state habeas petitions under 28 U.S.C. § 2254 and federal habeas petitions pursuant to section 2255, begins running on the effective date of the AEDPA, April 24, 1996. *United States v. Simmonds*, 111 F.3d 737, 745 (10th Cir.1997); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds*, — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Thus, petitioners in the Seventh and Tenth Circuits, whose convictions were finalized prior to the effective date of the AEDPA, have an April 23, 1997 deadline for filing habeas petitions. The Second Circuit has not established such a bright-line rule, but has held that habeas petitions based on convictions prior to the effective date of the AEDPA must be filed within a "reasonable time," which may be less than one-year from the effective date of the Act. *Peterson v. Demskie*, 107 F.3d 92, 93 (2nd Cir.1997). *Peterson* involved a section 2254 petition which was filed 72 days after the AEDPA went into effect and 22 years after petitioner's conviction. The Second Circuit held that the petition was not time-barred because although it was filed 22 years

after the prisoner's conviction, it was filed within a reasonable time after the AEDPA went into effect. *Id.* at 93–94.

In determining whether Landa's section 2255 petition is time-barred, this court measures the period of limitations from the effective date of the AEDPA, not from Landa's date of conviction. This is consistent with all of the circuit courts which have addressed the issue, as well as with Supreme Court precedent requiring that statute of limitations "allow a reasonable time before they take effect for the commencement of suits upon existing causes of action." *Block v. North Dakota,* 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (quoting *Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982)). Under this analysis, Landa's section 2255 motion must have been filed at least within one-year of the enactment of the AEDPA, which means that it must have been filed on or before April 23, 1997. Landa's motion was filed on September 25, 1997. Accordingly, it is time-barred.

For the reasons stated above, petitioner's 28 U.S.C. § 2255 motion hereby is DENIED and petitioner's motion to strike the government's response brief hereby is DENIED.

SO ORDERED.