Juan CANDELARIA, Petitioner,

v.

Daniel SENKOWSKI, Superintendent, Respondent.

No. CV–97–2209 (CPS).

United States District Court, E.D. New York.

April 22, 1998.

MEMORANDUM AND ORDER

SIFTON, Chief Judge.

Petitioner Juan Candelaria has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is respondent's motion to dismiss the petition as time barred. For the reasons discussed below, the motion is denied, and respondent is directed to respond to the merits of the petition on or before May 15, 1998.

---

On May 2, 1989, petitioner was convicted in the New York State Supreme Court, Kings County, of one count of Murder in the Second Degree and one count of Criminal Possession of a Weapon in the Second Degree, in violation of N.Y. Penal Law §§ 125.25[1] and § 265.03. He was sentenced to concurrent prison terms of twenty-five years to life on the murder count and five to fifteen years on the weapon possession count.

Petitioner thereafter appealed his conviction to the Appellate Division of the Supreme Court of New York, Second Department. By order dated November 29, 1993, the appellate division unanimously affirmed the petitioner's judgment of conviction. *People v. Candelaria,* 198 A.D.2d 512, 605 N.Y.S.2d 931 (1993). Petitioner's application for leave to appeal to the New York Court of Appeals was subsequently denied by certificate dated February 8, 1994. *People v. Candelaria,* 83 N.Y.2d 803, 611 N.Y.S.2d 139, 633 N.E.2d 494 (1994). Petitioner thereafter applied to the New York Court of Appeals for reconsideration of its denial of leave to appeal, which was denied on June 17, 1994. *People v. Candelaria,* 83 N.Y.2d 965, 616 N.Y.S.2d 18, 639 N.E.2d 758 (1994).

On July 28, 1993, petitioner moved in the trial court to vacate his conviction pursuant to N.Y. Criminal Procedure Law §§ 440.10, 440.20. On November 8, 1993, the motion was denied. On June 17, 1994, petitioner again moved, pursuant to N.Y. Criminal Procedure Law § 440.10, to vacate the judgment of conviction. By memorandum dated November 16, 1994, the court denied the motion. On January 18, 1995, petitioner's application to appeal this decision was denied by the appellate division.

On April 20, 1997, petitioner filed the instant petition.[1] Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1).

## DISCUSSION

■ On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Absent conditions explicitly provided for in the statute which are not pertinent here, the limitations period begins to run after the completion of direct review of the judgment by the state courts.[2] 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period of § 2244(d)(1), however, does not apply to habeas petitions filed before the effective date of the AEDPA. *See Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996) ("There is no indication that Congress wished to cut off access to federal courts by state prisoners who lacked notice of the new limitations period").

In *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997), the Second Circuit held that in cases such as this, where the judgment of conviction became final prior to the effective date of the AEDPA, a petitioner must be accorded a "reasonable time" from to effective date of the AEDPA to file a habeas petition. Although the court in *Peterson* did not define the reasonable time standard, it suggested that, where a petitioner has had "several years to contemplate bringing a federal habeas corpus petition," there was "no need to accord a full year after the effective date of the AEDPA." *Id. But see Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) (en banc) (holding that prisoners have a full one year after the effective date of the AEDPA

---

1. Although the petition was not received and filed in this Court until April 24, 1997, petitioner attests, and respondent does not dispute, that he handed the petition to the prison authorities on April 20, 1997. Accordingly, the Court considers April 20, 1997, as the date that the petition was effectively filed. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (*Pro se* prisoner's submission deemed filed on the date he delivered it to prison authorities for forwarding to court).

2. Section 2244(d)(1) provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ....

to file a federal habeas corpus petition), *rev'd on other grounds*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Calderon v. U.S. District Court for the Central District of California*, 112 F.3d 386, 389 (9th Cir.1997) (same); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir.1997) (same). The *Peterson* court cautioned, however, that the "reasonable time" standard should not "be applied with undue rigor." *Id.* Accordingly, it held that the filing of a petition 23 years after the judgment of conviction and 72 days following the effective date of the AEDPA was reasonable. *Id.*

In this case, state court direct review of petitioner's conviction ended June 17, 1994, when the New York State Court of Appeals denied petitioner's request for reconsideration of its denial of leave to appeal. Respondent contends that petitioner had several years from that date to file the instant habeas corpus petition and that nothing prevented him from doing so. Petitioner attests, however, that he is a wheelchair-bound paraplegic and that he has been unable to access the prison library because the institution in which he is incarcerated is not handicap accessible.[3] This circumstance alone would account for any delay in petitioner's filing. In addition, respondent overlooks the fact that petitioner continued to actively litigate his case in state court following the conclusion of his direct appeal. It was not until January 1995 that review of petitioner's post-conviction motion was completed. This is not a case, therefore, where petitioner had "several years to contemplate bringing a federal habeas petition." *Peterson*, 107 F.3d at 93. The instant petition was filed less than one year after the enactment of the AEDPA and a little over two years after the New York State courts denied petitioner's motion to set aside his conviction. Bearing in mind the Court of Appeals' admonition that the reasonable time standard should not be applied with "undue rigor," as well as the petitioner's medical condition, this Court concludes that the instant petition was filed in a reasonable time. Accordingly, the motion to dismiss is denied and respondent is directed to respond to the merits of the petition on or before May 15, 1998. In addition, respondent is directed to respond to this Court's order to show cause concerning petitioner's letter dated May 10, 1997, by May 1, 1998.

The docket clerk is directed to furnish a copy of the within to all parties.

SO ORDERED.

---

3. Petitioner has submitted a letter from prison officials which confirms his medical condition.