**Craig FENNELL, Petitioner,**

v.

**Christopher ARTUZ, Superintendent of Greenhaven Correctional Facility, Respondent.**

**No. 97 CIV. 3030(LAP).**

United States District Court, S.D. New York.

July 20, 1998.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

PRESKA, District Judge.

On June 18, 1997, Magistrate Judge Peck filed a report and recommendation (the "Report") which recommended that Mr. Fennell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. On June 30, 1997, Fennell filed an objection to the report. I have reviewed Magistrate Judge Peck's report *de novo* pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(C) and adopt it to the extent set forth below.

■ The Report offered alternative bases for dismissing the petition. The first ground was that the petition was untimely under the one-year statute of limitation contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). In *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), which was controlling authority when the Report was issued, the Court of Appeals had stated in reference to this limitation period that "where a state prisoner has had several years to contem-

plate bringing a federal habeas corpus petition, we see no need to accord a full year after the [April 24, 1996] effective date of the AEDPA." 107 F.3d at 93. Rather, the court instructed that such prisoners had a "reasonable time" after the AEDPA's effective date in which to file their petitions.

As noted in the Report, Fennell's State court judgment of conviction was deemed final in 1987. Because Fennell's petition was not filed until April 14, 1997—just ten days short of a year after enactment of the AEDPA—Magistrate Judge Peck understandably concluded that "if the Second Circuit's *Peterson v. Demskie* decision is to have any meaning, Fennel's petition ... is untimely." (Report at 5).

On June 24, 1998, however, the Court of Appeals decided *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998). In that case the court characterized the above-quoted *Peterson* language dictum and declined to follow it. Rather, the *Ross* court concluded that a prisoner whose State court conviction became final prior to the effective date of the AEDPA should be allowed a period of one year after that effective date in which to file his petition. Because Fennell filed his petition within that one year period, his petition must be deemed timely. *See e.g., Joseph v. McGinnis,* 150 F.3d 103, 104 (2d Cir.1998) (finding that § 2254 petition filed on April 23, 1997, was not time-barred). Accordingly I decline to adopt so much of the petition as holds that the petition is time-barred.

Nonetheless, Fennell's petition must be dismissed without prejudice because it is a "mixed" petition. In this regard, after reviewing the Report I conclude that it is well-reasoned and thoroughly grounded in the law. Finding Fennell's objection to be without merit, it is

ORDERED that the June 18, 1997, report and recommendation is adopted to the extent that it concludes that Fennell's petition is a mixed petition which should be denied without prejudice. The Clerk of the Court shall mark this matter closed and any pending motions denied as moot.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

For the reasons set forth below, I recommend that the Court summarily dismiss petitioner Craig Fennell's habeas corpus petition on the ground that he is not entitled to relief, since his petition is (1) untimely under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and (2) a "mixed" petition.

### FACTS

Petitioner Craig Fennell's habeas petition is dated April 14, 1997 and was received by the Court's Pro Se Office on April 21, 1997. (*See* Petition.) The petition indicates that on June 7, 1982, Fennell was convicted of attempted murder, assault and possession of a weapon, and sentenced to 25 years to life imprisonment. (Petition ¶¶ 1–4.) The Appellate Division, First Department affirmed his conviction on September 30, 1986. (*See* Petition ¶ 9.) The Court of Appeals denied leave to appeal later in 1986. (*See* Petition ¶ 9.) Fennell did not file any collateral attacks on his conviction in state court. (*See* Petition ¶ 10.)

Some eleven years after his state court appeal, Fennell filed his federal habeas petition (dated April 14, 1997 and received by the Court's Pro Se Office on April 24, 1997). His petition raises six claims:[1] first, insufficient evidence to prove his guilt beyond a reasonable doubt (Petition ¶ 12(B); Fennell Br. Point II); second, prosecutorial misconduct during summation (Petition ¶ 12(C); Fennell Br. Point IV); third, error in not suppressing the identification testimony (Petition ¶ 12(D); Fennell Br. Point III); fourth, errors in the trial court's charge to the jury (Petition ¶ 12(E); Fennell Br. Point V); fifth, error in not holding a hearing when the jury saw Fennell in handcuffs (Petition ¶ 12(F); Fennell Br. Point VI); and sixth, Fennell's sentence was excessive and punished him for exercising his constitutional right to go to trial (Petition ¶ 12(G)).

Fennell's petition concedes that his last habeas ground—the excessive and unconstitutional sentence claim—has not been presented to the state courts. (Petition ¶ 13.)

On May 13, 1997, Judge Preska ordered the state to respond to Fennell's petition. By letter dated June 3, 1997, the District Attorney's Office asked the Court to summarily dismiss the petition as untimely under the AEDPA's one-year statute of limitations, as interpreted by the Second Circuit in *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997).

Petitioner Fennell responded by letter dated June 5, 1997. Fennell explained that his state appointment of counsel ended in 1986 when the Court of Appeals denied leave to appeal, and that he was unable to afford an attorney. (6/5/97 Letter, p. 2.) Fennell also stated that he was a "functioning illiterate" when sentenced to prison and had to "upgrade his education and then learn legal research skills." (*Id.*) Fennell noted that he took a legal research course in prison in 1989 (*id.*, p. 3), and attached to his letter his certificate of completion of that course. Fennell's letter, as did his petition, noted that he brought the petition when he did because of the AEDPA deadline. (6/5/97 Letter, p. 3; Petition ¶ 13 ("all issues have been exhausted, with the exception of [the excessive and unconstitutional sentence claim], due to Anti–Terrorism Bill being inacted [sic] and deadline being set.").)

Fennell's letter sought additional time to respond to the legal grounds in the District Attorney's letter. Because this Court is fully familiar with the state of the law in this Circuit as to the AEDPA's one-year limitation period, because Fennell raised in his letter all his facts as to the timing of his petition, and because Fennell will have the opportunity to file objections to this Report and Recommendation if he wishes, the Court denies his letter request for more time to respond and addresses the AEDPA's limita-

---

**1.** What Fennell calls his first habeas ground—that there are no procedural bars to his petition since the appellate decisions did not specify whether his appeal was being denied on the merits or on the state procedural bar of failure to object at trial (Petition ¶ 12(A); Fennell Br. Point I)—of course, is not a habeas claim but an explanation of why he believes this Court can hear his claims.

tion period issue (and *sua sponte* addresses the mixed petition issue).

## ANALYSIS

### I. THE AEDPA'S ONE–YEAR STATUTE OF LIMITATIONS

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act. The AEDPA significantly modified § 2254 for non-death penalty cases. Specifically, the AEDPA instituted a one-year statute of limitations for habeas petitions:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

28 U.S.C. § 2244(d)(1) (as amended by the AEDPA).

In *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997), the Second Circuit held that "where a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, we see no need to accord a full year after the effective date of the AEDPA." 107 F.3d at 93. Rather, the Court gave the prisoner a "reasonable time" after enactment of the AEDPA to bring his habeas petition. *Id.* (finding petition brought 72 days after enactment of AEDPA to be timely).

Here, counting from the Court of Appeal's denial of leave to appeal, the one-year limitation period would have run sometime in late 1987, some ten years before Fennell filed this petition. Under *Peterson,* the limitation period is extended for a "reasonable time" after the April 24, 1996 enactment of the AEDPA. Fennell did not file his petition, however, until April 14, 1997 (giving him the benefit of the doubt)—just 10 days short of a year after enactment of the AEDPA. The Court need not decide where between 72 days (upheld in

*Peterson*) and one year the line should be drawn. But if the Second Circuit's *Peterson v. Demskie* decision is to have any meaning, Fennell's petition, filed just 10 days short of a year, is untimely. Fennell clearly was aware of the AEDPA's one-year statute of limitations. (*See* Fennell 6/5/97 letter to Court; Petition ¶ 13.)

And if Fennell's "excuse" of being uneducated and not familiar with legal research and legal procedures were to be given any weight, it would totally undermine the Second Circuit's *Peterson* ruling, since virtually all inmates can make the same claim. Under the AEDPA, therefore, Fennell's petition should be dismissed with prejudice.[2]

### II. IF FENNELL'S PETITION IS NOT DENIED AS UNTIMELY, IT SHOULD BE DENIED WITHOUT PREJUDICE AS A MIXED PETITION

Fennell's petition concedes that his last habeas ground—excessive and unconstitutionally retaliatory sentence—has not been exhausted in state court. (Petition ¶ 13.) As such, his petition is a "mixed" one and should be dismissed without prejudice.

#### A. Prior to the Antiterrorism and Effective Death Penalty Act, the Court Was Required to Dismiss "Mixed" Petitions Containing Both Exhausted and Unexhausted Claims

This section discusses the law as to "mixed" petitions in effect prior to enactment of the AEDPA.

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[3] While pre-amendment Section 2254 did not directly address the problem of "mixed" habeas petitions, that is,

---

2. Moreover, as discussed in Point II below, Fennell's petition is a mixed one. This is further evidence of the untimeliness of Fennell's petition.

3. Prior to amendment by the AEDPA, 28 U.S.C. § 2254(b) provided that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* at 510, 102 S.Ct. at 1199.[4] The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203. "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203. The Supreme Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always amend the petition to delete the unexhausted claims." *Id.* at 520, 102 S.Ct. at 1204.[5]

The Second Circuit held, prior to the AEDPA, that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy* ...." *Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 125 (2d Cir. 1995); *accord, e.g., Boyd v. Hawk*, 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996); *Ehinger v. Miller*, 928 F.Supp. 291, 293 (S.D.N.Y.1996).

### B. *Effect of the AEDPA*

The AEDPA permits the Court to deny on the merits habeas petitions containing unexhausted claims. Thus, 28 U.S.C. § 2254 now states, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; ...
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1)-(2) (as amended by the AEDPA).

Section 2254(b) merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims. *See* 28 U.S.C. § 2254(b)(2), as amended.

The Court agrees with the similar decision in *Duarte v. Hershberger*, 947 F.Supp. 146 (D.N.J.1996), where the Court explained:

> Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254(c) [sic; § 2254(b) ]. The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.
>
> By refusing to exercise the discretion provided under section 2254(c) [sic; § 2254(b) ], this Court endorses the rationale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and

---

4. *Accord, e.g., Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 124 (2d Cir.1995); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir. 1988); *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984).

5. However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.

to present the federal court with a single habeas petition." *Rose,* 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*

Finally, the Court notes that applying the "total exhaustion rule" in cases such as this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level.

*Duarte v. Hershberger,* 947 F.Supp. at 150; *accord, Walker v. Miller,* 959 F.Supp. 638, 642 (S.D.N.Y.1997) (Peck, M.J.).

■ The Court here need not decide under what circumstances it would be more appropriate to consider the merits of unexhausted claims pursuant to § 2254(b). Suffice it to say that in this case, the Court believes it appropriate to decline to exercise its discretion to decide the petition on the merits (even assuming that the petition is not already barred by the statute of limitations).

The Court notes that petitioner Fennell should not be heard to complain about the Court's decision as to his mixed petition. Under the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them. Indeed, although the Court need not decide the issue, it appears that in a mixed petition context, the Court can reach the merits of the unexhausted claims only if it denies on the merits the entire petition, including the exhausted claims. *See* 28 U.S.C. § 2254(b)(2) (as amended) ("*An application for a writ of habeas corpus may be denied on the merits* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.") (emphasis added).

### CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice Fennell's petition as barred by the AEDPA's one-year statute of limitations, or at least deny the petition without prejudice as a "mixed" petition.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, Room 1320 and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Preska. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).