**Eddie MATOS, Petitioner,**

v.

**Leonard PORTUONDO, Respondent.**

No. 97 Civ. 3721(JES).

United States District Court,
S.D. New York.

Jan. 19, 1999.

Eddie Matos, Wallkill, NY, pro se.

Robert M. Morgenthau, District Attorney for New York County, New York City, Alan Gadlin, Assistant District Attorney, of counsel, New York City, for Respondent.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

*Pro se* petitioner Eddie Matos ("Matos"), an inmate at the Shawangunk Correctional Facility, moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate this Court's Order issued on June 24, 1998, dismissing as time-barred his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Leonard Portuondo ("Portuondo"), Superintendent of Shawangunk Correctional Facility, offers no opposi-

---

tion to Matos's motion. For the reasons that follow, Matos's motion to vacate is granted and the petition referred to Magistrate Judge Dolinger for a Report and Recommendation on the merits of Matos's petition.

## BACKGROUND

By the instant petition for a writ of habeas corpus, Matos challenges his 1990 conviction in New York State Supreme Court, New York County, on one count of Murder in the Second Degree, two counts of Burglary in the Second Degree, and two counts of Attempted Robbery in the First Degree. Matos is currently serving concurrent prison terms of twenty-five years to life and seven and one-half to fifteen years.

On or about April 20, 1997, Matos caused the instant petition to be mailed from the Shawangunk Correctional Facility to the Clerk of Court. By Order dated June 3, 1997, the Court referred this petition to Magistrate Judge Dolinger for a Report and Recommendation. Thereafter, Portuando moved to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1217 (April 24, 1996), amending *inter alia* 28 U.S.C. § 2244. Relying upon language contained in the opinion of the United States Court of Appeals for the Second Circuit in *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997), Magistrate Judge Dolinger issued a Report and Recommendation to this Court recommending that the Court find that Matos had not filed the petition within a "reasonable time" after enactment of the AEDPA's one-year statute of limitations for habeas corpus petitions. *See* Report and Recommendation, September 10, 1997. By Order dated June 24, 1998, the Court adopted the Report and Recommendation of Magistrate Judge Dolinger and dismissed Matos's petition. Judgment was entered on June 29, 1998.

Thereafter, by letter dated July 14, 1998, Matos requested that, in light of the recent decision of the United States Court of Appeals for the Second Circuit in *Ross v. Artuz*, 150 F.3d 97 (2d Cir. June 24, 1998), this Court vacate its Order of June 24, 1998, pursuant to Federal Rule of Civil Procedure

60(b). Portuondo has offered no opposition to Matos's motion. *See* Affirmation in Response to Petitioner's Motion, October 5, 1998, ("Response") at ¶ 7 ("[R]espondent takes no position on petitioner's application").

## DISCUSSION

■ Rule 60(b) of the Federal Rules of Civil Procedure provides that the court may relieve a party from a final order or judgment for any of five enumerated reasons or, under a sixth catch-all provision, for "any other reason justifying relief from the operation of the judgment." It is well established by the precedents of the Second Circuit that the catch-all provision of Rule 60(b) authorizes the court to vacate a final order or judgment where a subsequent decision of a higher court shows that order or judgment to have been in error, so long as a motion is brought within the time permitted for appeal. *See Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir.1955). As Judge Friendly noted, this extension of Rule 60(b) recognizes that "no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in light of new authority on application made within the time permitted for appeal." *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964) (Friendly, J.).

■ Such an application of Rule 60(b) is clearly appropriate in the instant case. In dismissing Matos's petition as time-barred, this Court relied upon language in *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997), in which the court stated in dicta that a state court defendant whose conviction became final several years prior to the enactment of the AEDPA should be allowed only a "reasonable time" from the effective date of the AEDPA to file a petition and suggested that in the ordinary case this period should be less than one year. *Id.* at 93. However, on the same day that this Court signed the Order dismissing the instant petition, the Second Circuit issued its decision in *Ross v. Artuz*, 150 F.3d 97 (2d Cir. June 24, 1998). In its decision the court expressly rejected the "reasonable time" rule proposed in *Peter-*

*son v. Demskie,* holding that a state inmate whose conviction became final before the effective date of the AEDPA is entitled to a one-year grace period from the effective date of the AEDPA during which to bring a habeas corpus petition. *See Ross,* 150 F.3d at 102–103.

Because Matos filed the instant petition on April 20, 1997, less than one year after the April 24, 1996, effective date of the AEDPA, his petition is clearly timely under *Ross v. Artuz.*[1] Therefore, pursuant to Rule 60(b), the Court vacates its June 24, 1998, Order of dismissal and refers the petition to Magistrate Judge Dolinger for a Report and Recommendation on the merits of Matos's petition.

### CONCLUSION

For the foregoing reasons, the Court vacates its Order dated June 24, 1998, adopting the Report and Recommendation of Magistrate Judge Dolinger and dismissing Matos's petition as time-barred, and directs that the petition be reinstated. The Clerk of Court shall reopen the action. The Court refers the petition to Magistrate Judge Dolinger for a Report and Recommendation on the merits of Matos's petition.

It is **SO ORDERED.**

---

1. The Court treats the date on which an incarcerated litigant delivers his petition to prison authorities for mailing as the date on which the petition is filed. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In this case Matos delivered the petition to prison officials on April 20, 1997. *See* Report and Recommendation, at 2.